UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| BCS SOFTWARE, LLC,<br><br>  Plaintiff<br><br>  v.<br><br>OPEN TEXT, INC.<br><br>  Defendant. | Case No. 6:21-cv-0050-ADA |

**PLAINTIFF BCS SOFTWARE, LLC's
OPENING CLAIM CONSTRUCTION BRIEF**

**TABLE OF CONTENTS**

I. Introduction ............................................................................................................... 1

II. Disputed Claim Terms ............................................................................................. 2

   A. File List ............................................................................................................... 2

   B. Independent of a File Path ................................................................................. 4

   C. Internal Mail ....................................................................................................... 6

   D. Independent of a File Path and Unnavigable to by a User ...................... 8

III. Conclusion ................................................................................................................ 9

# TABLE OF AUTHORITIES

**Cases**

*Azure Networks, LLC v. CSR PLC*,
  771 F.3d 1336 (Fed. Cir. 2014) ................................................................................. 1

*Liebel-Flarsheim Co. v. Medrad, Inc.*,
  358 F.3d 898 (Fed. Cir. 2004) ................................................................................... 1

*Phillips v. AWH Corp.*,
  415 F.3d 1303 Fed. Cir. 2005) .................................................................................. 1

*Thorner v. Sony Computer Entm't Am. LLC*,
  669 F.3d 1362 (Fed. Cir. 2012) ................................................................................. 2

**EXHIBITS**

| Exh No. | Description |
| --- | --- |
| Exh. A | U.S. Patent No. 8, 819,120 |

## I. Introduction

Plaintiff BCS Software, LLC ("Plaintiff") brought this case alleging infringement of U.S. Patent No. 8,819,120 (the "'120 Patent") (Exh. A) against Defendant Open Text, Inc. ("Open Text" or "Defendant").

The Asserted Patent relates generally to file sharing systems. More specifically, the invention claims systems and methods for the efficient and secure sharing of data files over the internet as opposed to the cumbersome systems described in the prior art.

Defendant has proposed four (4) disputed terms for construction for claims 1, 6, 12, 15, 19, 20, and 21 of the '120 Patent. Plaintiff has proposed that each of these terms need no construction and should have their plain and ordinary meaning, thus adhering to the general rule that claim terms are given their plain and ordinary meaning. *Phillips v. AWH Corp.*, 415 F.3d 1303, 1312 (Fed. Cir. 2005) (*en banc*); *Azure Networks, LLC v. CSR PLC*, 771 F.3d 1336, 1347 (Fed. Cir. 2014) ("There is a heavy presumption that claim terms carry their accustomed meaning in the relevant community at the relevant time.") (vacated on other grounds). By contrast, most of Defendant's proposed constructions improperly "read limitations from a preferred embodiment into the claims" even though there is no "clear indication in the intrinsic record that the patentee intended the claims to be so limited." *Liebel-Flarsheim Co. v. Medrad, Inc.*, 358 F.3d 898, 913 (Fed. Cir. 2004).

## II. DISPUTED CLAIM TERMS

### A. Term 1: "File List"

| Term | Claims | Plaintiff's Construction | Defendant's Construction |
|---|---|---|---|
| File List | 1, 6, 12, 15, 19, 20, and 21 | No construction necessary/plain and ordinary meaning<br><br>or in the alternative, "logic interface displayed on a client machine that allows a user to download from or upload files to a store on a network" | logic interface maintained on the client machine that provides bulletin board functions to allow downloading of files |

The disputed claim term "file list" and the related intrinsic evidence provide no basis to deviate from the general rule of plain and ordinary meaning. The "only two exceptions to [the] general rule" that claim terms are construed according to their plain and ordinary meaning are when the patentee (1) acts as his/her own lexicographer or (2) disavows the full scope of the claim term either in the specification or during prosecution." *Thorner v. Sony Computer Entm't Am. LLC*, 669 F.3d 1362, 1365 (Fed. Cir. 2012). As shown below, neither exception applies here.

2

According to the specification of the '120 Patent (Exh. A), the term "file list" is defined as providing a logic interface that is displayed on the client machine of a registered user such that the user can download a file using the interface's bulletin board functions.  Therefore, the file list provides a logic interface, and the logic interface must be displayed on the client machine which is not the same as being maintained on the client machine.

By way of reference, one should consider Column 8, Lines 15-22 of the '120 Patent (Exh. A):  "According to one aspect of the present invention, the stores 232, 234 or 236 can not be navigated in accordance with a path, instead a <u>file list</u> or an interface thereto 240, 242 or 244 is simply provided to indicate a logic interface to which a registered user can upload a file or from which a file can be downloaded. The <u>file lists</u> 240, 242 and 244 are typically displayed in a client machine executing the client module."

One should also consider Column 11, Lines 23-29 of the '120 Patent (Exh. A) which  provides that "Instead of widely spreading a file as an attachment to a group of users via email, the <u>file list</u>, as the name suggests, serves as a bulletin board to announce what files are available for a user, users in a workgroup or all registered users. Instead of sharing a file instantly with all users, the <u>file list</u> provides a logic interface from which a user can download one or more available files when needed."

Accordingly, Defendant's proposed construction for the claim term "file list" should be disregarded.

### B. Term 2: "Independent of a File Path"

| Term | Claims | Plaintiff's Construction | Defendant's Construction |
|---|---|---|---|
| Independent of a File Path | 1, 12, and 19 | No construction necessary/plain and ordinary meaning<br><br>Or in the alternative, "without the user having knowledge as to where a store behind the file list is located on a network" | Indefinite |

Defendant proffers that the claim term "independent of a file path" is indefinite. For at least the reasons set forth below, Defendant's position lacks merit.

According to the specification of the '120 Patent (Exh. A), "independent of a file path" is defined as access to a file where the user does not have knowledge as to where the file is stored. When the user is viewing or downloading a file, the path to the physical store (where the file is stored) is unknown to the user.

By way of example, one should consider Column 7, Lines 12-23 of the '120 Patent (Exh. A) which provides that different from shared network storage or directory on a network that allows a user to place a file therein and others to copy from, the <u>file list</u>, as shown as Files section 216 in FIG. 2A.

It is well known in the art that a commonly shared folder or directory is often recognized with a network path or path, for example, //root/xyz/public which indicates a network storage drive "xyz" is allocated a folder "public". To access the folder, one needs to navigate there by following the path. On the contrary, the user does not have the knowledge as to where a store behind the file list is located on a network in the present invention.

Accordingly, there is no basis for finding that the claim term "independent of a file path" is indefinite.

C.  Term 3: "Internal Mail"

| Term | Claims | Plaintiff's Construction | Defendant's Construction |
|---|---|---|---|
| Internal Mail | 12 and 19 | No construction necessary/plain and ordinary meaning<br><br>Or in the alternative, "private electronic communication that includes exchange of messages only among registered users served by a server" | Private electronic communication system that permits email exchanges only among registered users served by a server for a group collaboration platform, and does not use email servers or email addresses in delivering email messages |

Defendant's proposed construction of "internal mail" introduces limitations that are not present in any embodiment set forth in the specification of the '120 Patent. To the contrary, and according to the preferred embodiment, "internal mail" is defined as i-mail and is expressly distinguished over conventional emails by specifying that i-mails are exchanged without using email servers and email addresses.

By way of example, one should consider Column 9, Lines 14-23 of the '120 Patent (Exh. A): "According to one aspect of the present invention, as part of the collaborative system, an internal email or "i-mail" is provided.

One of the advantages of the i-mail is that no other but the registered users may communicate with each other. Unlike the prior art email systems that operate on email addresses, such as john@aol.com, i-mail relies on an identifier of a user, an exemplary identifier is 8723″ that is associated with "john", wherein "john" is for recognition by all registered users and "8723" is for the server to route messages properly to the right recipient."

Accordingly, this Court should disregard Defendant's proposed construction of the term "internal mail".

### D. Term 4: "Independent of a File Path and Unnavigable to by a User"

| Terms | Claims | Plaintiff's Construction | Defendant's Construction |
|---|---|---|---|
| Independent of a File Path and Unnavigable to by a User | 1, 12, and 19 | No construction necessary/plain and ordinary meaning<br><br>Or in the alternative, "without the user having knowledge as to where a store behind the file list is located on a network" | Term "independent of a File Path" is indefinite. Otherwise, no construction is necessary." |

Plaintiff and Defendant agree that no construction is necessary for the second portion of the disputed term: "and unnavigable to by a User", as it should be given its plain and ordinary meaning.

Regarding the first portion of the disputed term: "independent of a file path", Defendant can not establish that it is indefinite for at least the reasons set forth below.

According to the specification of the '120 Patent (Exh. A), "independent of a file path" is defined as access to a file where the user does not have knowledge as to where the file is stored. When the user is viewing or downloading a file, the path to the physical store (where the file is stored) is unknown to the user.

Additionally, it is well known in the art that a commonly shared folder or directory is often recognized with a network path or path, for example, //root/xyz/public which indicates a network storage drive "xyz" is allocated a folder "public". To access the folder, one needs to navigate there by following the path.

## III. Conclusion

Plaintiff respectfully asks this Court to reject Defendant's insupportably narrow constructions for the terms addressed above and to instead adopt Plaintiff's proposal that the terms need not be construed and that the plain and ordinary meaning of the terms, as evidenced by the words of the claims themselves, be adopted. In the alternative, Plaintiff respectfully asks this Court to adopt its proposed constructions of the disputed terms proffered herein.

Dated: July 30, 2021                    Respectfully submitted,

    _/s/ Thomas G. Fasone III_


Thomas G. Fasone, III
Texas State Bar No. 0785382
tfasone@inventorsfirst.com
**Inventors First Law Group, PLLC**
2355 Thomas Ave, No. 2010
Dallas, Texas 75201
Telephone: (214) 402-5101


Raymond W. Mort, III
Texas State Bar No. 0791308
raymort@austinlaw.com
**THE MORT LAW FIRM, PLLC**
100 Congress Ave, Suite 2000
Austin, Texas 78701
Tel/Fax: (512) 865-7950

## **CERTIFICATE OF SERVICE**

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served on July 30, 2021, with a copy of this document via the Court's CM/ECF.

*/s/ Thomas G. Fasone III*

Thomas G. Fasone III