**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| BCS SOFTWARE, LLC., § § Plaintiff, § § v. § § OPEN TEXT, INC. § § Defendant. § § § | Case No. 6:21-cv-0050-ADA **JURY TRIAL DEMANDED** |

**DEFENDANT OPEN TEXT, INC.'S RESPONSIVE CLAIM CONSTRUCTION BRIEF**

**TABLE OF CONTENTS**

| | | | |
|---|---|---|---|
| **I.** | Introduction | | 1 |
| **II.** | Disputed Constructions | | 2 |
| | **A.** | Term 1: "file list" (claims 1, 6, 12, 15, 19, 20, and 21) | 2 |
| | **B.** | Term 2: "independent of a file path" (claims 1, 12, and 19) | 4 |
| | **C.** | Term 3: "internal mail" (claims 12 and 19) | 6 |
| | **D.** | Term 4: "independent of a file path and unnavigable to by a user" (claims 1, 12, 19) | 8 |
| **III.** | Conclusion | | 8 |

## TABLE OF AUTHORITIES

**Cases**

*BookIT Oy v. Bank of Am. Corp.*,
   817 F. App'x 990 (Fed. Cir. 2020) ................................................................................ 3

*In re Power Integrations, Inc.*,
   884 F.3d 1370 (Fed. Cir. 2018) ..................................................................................... 5

*Nautilus, Inc. v. Biosig Instruments, Inc.*,
   572 U.S. 898 (2014) ................................................................................................ 1, 4

**Statutes**

35 U.S.C. §112 ¶ 2 ............................................................................................................ 1, 4

**I.      Introduction**

Defendant Open Text, Inc. ("Open Text" or "Defendant") hereby submits its responsive claim construction brief regarding the claim terms in dispute for U.S. Patent No. 8,819,120 (the "'120 Patent") (ECF No. 28-1).  Plaintiff begins by arguing that none of the terms at issue require construction.  But Plaintiff's own brief effectively admits that the terms "file list" and "internal mail" have special meanings in the context of the '120 Patent's specification, so Plaintiff cannot dismiss those claim terms as simply having a plain and ordinary meaning.  As such, the question here is not whether these terms require construction (they absolutely do), but which party's constructions are correct.  In that regard, only Defendant's proposed constructions are properly based on the express definitions provided by the patentee in the specification, and so Defendant's constructions for "file list" and "internal mail" should be adopted.

The Court should also find that the term "independent of a file path" is indefinite.  The specification provides zero guidance as to the meaning of this term.  As a result, the claims fail to inform with reasonable certainty to those skilled in the art about the scope of the claimed invention, and so they are indefinite under 35 U.S.C. §112 ¶ 2.  *See Nautilus, Inc. v. Biosig Instruments, Inc.*, 572 U.S. 898, 901 (2014).  Plaintiff offers no evidence to the contrary.  In fact, Plaintiff's assertion that this term would somehow relate to a user's subjective "knowledge as to where a store … is located," as opposed to any objective criteria, only highlights the fact that this term has no concrete meaning and is, therefore, indefinite.

## II. Disputed Constructions

### A. Term 1: "file list" (claims 1, 6, 12, 15, 19, 20, and 21)

| Plaintiff's Proposed Construction | Defendant's Proposed Construction |
|---|---|
| no construction necessary/plain and ordinary meaning<br><br>or in the alternative, "logic interface displayed on a client machine that allows a user to download from or upload files to a store on a network" | logic interface maintained on the client machine that provides bulletin board functions to allow downloading of files |

Despite initially asserting that this term should be given its ordinary meaning, Plaintiff ultimately admits that the term "file list" has a special meaning in the context of the '120 Patent. *See, e.g.*, ECF 28 at 7 ("According to the specification … the term 'file list' is defined as providing a logic interface…."). So, there is no question that this term requires a definition and that it should be construed in view of the express definition provided in the specification. Plaintiff's construction, however, does not accurately reflect that express definition.

The specification states that "the file list provides a *logic interface* from which a user can download one or more available files when needed." '120 Patent at 11:27-29 (emphasis added). On this point, there is no dispute. But the specification then also teaches that the file list must "***provide bulletin board functions*** to list files available for downloading from a store whenever needed." *Id*. at 4:22-24 (emphasis added). Indeed, the specification repeatedly emphasizes this point. *See id.* at 3:1-2 ("file lists provide ***bulletin board functions*** to list files"); *see also id.* at 11:24-26 ("the file list, as the name suggests, serves as a ***bulletin board*** to announce what files are available for a user"). As such, there can be no question that a file list is a logic interface that provides bulletin board functions to allow downloading of files, and Plaintiff's assertions to the contrary are without merit.

Plaintiff's assertion that the file list need only be displayed on the client machine, and not maintained on the client machine, is also misguided. *See* ECF No. 28 at 7. As illustrated in Fig.

2

6 of the '120 Patent (shown below), the specification teaches that the file lists (614) are maintained by a client module (602) on the client machine (600).



Indeed, maintaining the file list on the client machine so that it is remote from the file store (labeled 606 in the image above) is central to the purported invention of the '120 Patent. As the patent explains, the file list described in the '120 Patent is "*[d]ifferent from shared network storage[] on a network* that allows a user to place a file therein" so that a user can "*never physically access a store* behind the file list." '120 Patent at 7:12-16 (emphasis added). As such, a "file list," as that term is used in the '120 Patent, does not refer to just any interface that may be displayed, but one that is maintained on the client machine and separate from the store on the server.

Accordingly, for the reasons above, Defendant's proposed construction of "file list" appropriately reflects the patentee's express teachings in the specification and so should be adopted. *See, e.g., BookIT Oy v. Bank of Am. Corp.*, 817 F. App'x 990, 993–94 (Fed. Cir. 2020) (affirming district court's constructions because the constructions "were taken from the definitions set forth in the specification").

3

### B. Term 2: "independent of a file path" (claims 1, 12, and 19)

| Plaintiff's Proposed Construction | Defendant's Proposed Construction |
|---|---|
| no construction necessary/plain and ordinary meaning<br><br>or in the alternative, "without the user having knowledge as to where a store behind the file list is located on a network" | Indefinite |

The patent statute imposes a "definiteness" requirement, which requires a patentee to "particularly point[] out and distinctly claim[] the subject matter which the inventor … regards as the invention." 35 U.S.C. §112 ¶ 2.  Under this requirement, a patent is invalid for indefiniteness if the claims, when read in light of the specification and the prosecution history, "fail to inform, with reasonable certainty, those skilled in the art about the scope of the invention." *Nautilus*, 572 U.S. at 901.  "It cannot be sufficient that a court can ascribe *some* meaning to a patent's claims." *Id*. at 911 (emphasis in original).  The claims must be precise enough to give clear notice to "the public of what is still open to them," and eliminate any "zone of uncertainty which enterprise and experimentation may enter only at the risk of infringement claims." *Id.* at 909-10 (citations omitted).

Claims 1, 12, and 19 of the '120 Patent require, among other things, "establishing a level of access to the file list coupled to the store, wherein the store is *independent of a file path* and unnavigable to by a user" (emphasis added).  The '120 Patent, however, fails to explain what it means to be "independent of a file path" with reasonable certainty.  Indeed, nowhere does the specification ever refer to or explain what it means for the store to be "independent of a file path."

Plaintiff asserts that the term "independent of a file path" simply means "without the user having knowledge as to where a store behind the file list is located on a network." ECF No. 28 at 8.  But Plaintiff offers no support for this interpretation.  Plaintiff generically cites to a statement

4

in the specification noting that the file list is "[d]ifferent from shared network storage or directory on a network that allows a user to place a file therein and others to copy from." ECF No. 28 at 9 (citing '120 Patent at 7:12-15). This quote, however, in no way implies that a user would not have knowledge as to where a store is located on a network. In fact, it is not clear why a user's subjective knowledge would have any import to the claim limitations here at all. Thus, if anything, Plaintiff's misguided attempt to construe "independent of a file path" only further highlights the ambiguity of this term.

To the extent Plaintiff's argument intends to imply that a user would not be able to navigate to the relevant "network path" for the store, that argument also fails. That is because the claims recite a wholly separate limitation requiring that the store is unnavigable to by the user. Because the claims require both that the store is "unnavigable to by the user" and also "independent of a file path," the phrase "independent of a file path" must mean something different from merely being unnavigable. *In re Power Integrations, Inc.*, 884 F.3d 1370, 1376 (Fed. Cir. 2018) (rejecting a claim construction that would "render claim language meaningless"). The specification, however, provides no guidance in this regard. Accordingly, the term "independent of a file path" is indefinite.

### C. Term 3: "internal mail" (claims 12 and 19)

| Plaintiff's Proposed Construction | Defendant's Proposed Construction |
|---|---|
| no construction necessary/plain and ordinary meaning<br><br>or in the alternative, "private electronic communication that includes exchange of messages only among registered users served by a server" | private electronic communication system that permits email exchanges only among registered users served by a server for a group collaboration platform, and does not use email servers or email addresses in delivering email messages |

The term "internal mail" has a very specific meaning in the context of the '120 Patent. As the specification explains, "as part of the collaborative systems, an internal mail or 'i-mail' is provided." '120 Patent at 9:14-16. "One of the advantages of the i-mail system is that ***no other but the registered users may communicate with each other***." *Id*. at 9:16-17 (emphasis added). To achieve this, the specification explains that "***[u]nlike the prior art email systems that operate on email addresses … i-mail relies on an identifier of a user***." *Id*. at 9:18-20 (emphasis added).

More specifically, the specification teaches that "the i-mail ***does not need to locate an email server by an email address*** to deliver an email message. In fact, ***an i-mail message never goes out of the system and an email address is of no use at all*** in delivering an i-mail message." *Id*. at 10:15-19 (emphasis added). As a result, the internal mail "limits email exchanges within registered users served by a server" so that "***no messages originated outside the collaborative platform could reach any of the registered users*** of the collaborative platform even if the identifier is leaked to and abused by other than the registered users." *Id*. at 9:28-34 (emphasis added).

Accordingly, Defendant's proposed construction accurately reflects the meaning of "internal mail" in the context of the '120 Patent, which is a "private electronic communication system that permits email exchanges only among registered users served by a server for a group collaboration platform, and does not use email servers or email addresses in delivering email messages."

Plaintiff asserts that Defendant's proposed construction would introduce limitations that are not present in any embodiment. But Plaintiff cannot explain how. In fact, Plaintiff ultimately agrees that internal mail is "defined as i-mail and is *expressly distinguished over conventional emails by specifying that i-mails are exchanged without using emails servers and email addresses*." ECF No. 28 at 10 (emphasis added). Accordingly, by Plaintiffs' own admission, Defendants construction accurately reflects the patentee's definition of "internal mail."

### D. Term 4: "independent of a file path and unnavigable to by a user" (claims 1, 12, 19)

| Plaintiff's Proposed Construction | Defendant's Proposed Construction |
|---|---|
| no construction necessary/plain and ordinary meaning | Term "independent of a file path" is indefinite |
| or in the alternative, "without the user having knowledge as to where a store behind the file list is located on a network" | Otherwise no construction necessary, plain and ordinary meaning |

The parties do not dispute the meaning of the phrase "unnavigable to by a user." The only dispute relates to the phrase "independent of a file path," which is addressed above. Accordingly, for all the reasons previously discussed above, this term is indefinite because the '120 Patent fails to explain what it means to be "independent of a file path" with reasonable certainty.

### III. Conclusion

For the foregoing reasons, Defendant respectfully requests that the Court adopt its proposed claim constructions.

Dated: August 13, 2021                     Respectfully submitted,

*/s/ Jennifer Parker Ainsworth*
Jennifer Parker Ainsworth
Texas State Bar No. 00784720
WILSON, ROBERTSON
   & CORNELIS, P.C.
909 ESE Loop 323, Suite 400
Tyler, Texas 75701
Telephone: (903) 509-5000
Fax: (903) 509-5092
jainsworth@wilsonlawfirm.com

Timothy J. Carroll
Steven M. Lubezny
Vivian Sandoval
VENABLE LLP
227 West Monroe Street, Suite 3950
Chicago, IL 60606
Telephone: (312) 820-3400
Fax: (312) 820-3401
TJCarroll@Venable.com
SMLubezny@Venable.com
VSandoval@Venable.com

Manny J. Caixeiro
VENABLE LLP
2049 Century Park East, Suite 2300
Los Angeles, CA 90067
Telephone: (310) 229-9900
Fax: (310) 229-9901
MJCaixeiro@Venable.com

*Attorneys for Defendant/Counterclaimant*

**CERTIFICATE OF SERVICE**

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served on August 13, 2021, with a copy of this document via the Court's CM/ECF. Any other counsel of record will be served by First Class U.S. Mail on this same date.

*/s/ Jennifer P. Ainsworth*
Jennifer P. Ainsworth